IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMES L. TONEY                                                                                       PLAINTIFF

v.                                         Civil No. 6:17-cv-06100

CORPORAL HEATH DICKSON,
Malvern Police Department ("MPD");
SERGEANT KEITH PRINCE, MPD;
ASSISTANT CHIEF JIM BAILEY, MPD;
and CHIEF OF POLICE DONNIE
TABER, MPD                                                                                        DEFENDANTS

# ORDER

James L. Toney, an inmate in the Hot Spring County Jail in Malvern, Arkansas, brings this *pro* se civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is the issue of Plaintiff's status as a pauper and the number of his previous 1983 lawsuits that have been dismissed for failure to state a claim.

Plaintiff submitted his Complaint and application to proceed *in forma pauperis* ("IFP") for filing on September 25, 2017. (ECF Nos. 1, 2). That same day the Court ordered Plaintiff to complete page 3 of his Complaint by October 13, 2017. (ECF No. 3). Plaintiff failed to do so and an order to show cause was issued on October 27, 2017. (ECF No. 6). Plaintiff responded and submitted page 3 of his Complaint on November 2, 2017. Plaintiff's IFP application was granted on November 2, 2017. (ECF No. 8). Recently, the Court discovered that prior to filing this lawsuit Plaintiff previously filed at least three § 1983 actions which were dismissed for failure to state a claim upon which relief may be granted.

As part of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §1915 which governs proceedings filed IFP, was amended in an effort to reduce the number of frivolous prisoner initiated lawsuits. Prior to the PLRA's amendments to §1915, a prisoner who attained IFP status was

1

exempted from paying court fees. After the enactment of the PLRA, prisoners granted IFP status are required to pay the filing fee albeit in installments. 28 U.S.C. §1915(b). The PLRA provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800-801 (8th Cir. 2001) (holding that §1915(g) is constitutional). This provision has commonly become known as the "three strikes rule" or the "three strikes provision."

In this case, the three strikes rule applies to Plaintiff. He has at least three previous actions that qualify as strikes against him under 28 U.S.C. §1915(g). *Toney, et al. v. Norris*, *et al.,* Civil No. 5:95-cv-00021 (E.D. Ark.)(Report and Recommendation entered on January 30, 1995, recommending dismissal for failure to state an actionable claim. Adopted by Order and Judgment entered on February 14, 1995. Dismissal affirmed on appeal May 25, 1995);[1] *Toney v. Hunter, et al*, Civil No. 4:02-cv-00286 (E.D. Ark.)(Report and Recommendation enter on June 5, 2002, recommending dismissal for failure to state a claim and that the dismissal count as a strike. Adopted by Order and Judgment entered July 2, 2002, stating among other things, that the dismissal counts as a strike. Appeal dismissed for failure to prosecute on November 10, 2002); *Toney v. Golden, et al.,* Civil No. 6:02-cv-06125 (W.D. Ark.)(Report and Recommendation entered on August 9, 2002, recommending dismissal on the grounds the claims are frivolous and fail to state claims upon which relief may be granted. Adopted by order entered August 27, 2002.

---

[1] The PLRA applies to dismissals of cases as frivolous or for failure to state a claim prior to the PLRA's enactment on April 26, 1996. *See e.g., In re Tyler*, 110 F.3d 1032, 1036 (8th Cir. 1997)(applying three strikes rule to actions from 1992, 1993, and 1995).

No appeal was taken). Therefore, Plaintiff has accumulated three strikes prior to filing the instant lawsuit on September 25, 2017.

Nevertheless, Plaintiff may be allowed to proceed IFP if he falls under the "imminent danger" exception to the three strikes rule. *See* 28 U.S.C. §1915(g) (providing that three strikers should be granted permission to proceed IFP if they are "under imminent danger of serious physical injury"). The Eighth Circuit has explained that the imminent danger exception to section 1915(g) applies only if the prisoner alleges that he is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient." *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Plaintiff has not alleged that he is in any danger, much less imminent danger, at the time he filed this suit. Instead, he has alleged claims for "harassment, illegal profiling, illegal search…entrapment, excessive force." (ECF No. 1). Thus, he has failed to satisfy the imminent danger exception to the three strikes rule.

For the foregoing reasons, Plaintiff's IFP status is hereby revoked. **Plaintiff is directed to pay the full $350.00 filing fee by May 29, 2018.** If Plaintiff fails to pay the full filing fee by May 29, 2018, this case **shall be dismissed** for failure to prosecute. Even if the Complaint is dismissed, Plaintiff will still be assessed the full filing fee because the PLRA makes prisoners responsible for their filing fees from the moment a complaint is filed. *In re Tyler*, 110 F.3d 1032, 1036 (8th Cir. 1997).

It should be noted that, in the event that Plaintiff tenders the filing fee, he will also be responsible for other costs associated with this action, such as costs of service and fees for the issuance of any requested subpoenas. In addition, Plaintiff is precluded from filing any future civil action IFP unless he is under imminent danger of serious physical injury.

Plaintiff is advised that he is required to immediately inform the Court of any change of address. **If Plaintiff is transferred to another jail or prison or released, he shall have 30 days from the date of transfer or release in which to notify the Court of his new address.** Plaintiff shall submit a change of address on a separate piece of paper entitled "Notice to the Court of Change of Address" and not include any motions or otherwise request relief in this document. The notice shall contain only information pertaining to the address change. **Failure to inform the Court of an address change shall result in this case being subject to dismissal.**

The Court CERTIFIES, pursuant to 28 U.S.C. §1915(a)(3), that an IFP appeal would not be taken in good faith.

**IT IS SO ORDERED** this 8th day of May 2018.

/s/ P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE